UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADLEY MARCUM,<br>      *Plaintiff*,<br><br>  vs.<br><br><br>DENIS R. MCDONOUGH, *Secretary*<br>*of the United States Department*<br>*of Veterans Affairs*,<br><br>      *Defendant*. | No. 1:21-cv-00428-JMS-TAB |

## **ORDER**

It is peculiar indeed that the invocation of a contradictorily named jurisdictional bar – derivative jurisdiction – would call to mind one of the biggest selling pop albums of all time, but so it does. The seminal singer-songwriter Billy Joel observed in his breakout album *The Stranger* that one must "[g]et it right the first time, that's the main thing. [You] can't afford to let it pass." Billy Joel, "Get it Right the First Time," *The Stranger*, Columbia Records (1977). While the Court takes no position regarding the providence of Mr. Joel's advice in a social context, the Court believes that this simple tune is full of sound advice for Plaintiff and his counsel in the present case. In fact in all cases, the parties should take better care to ensure that they are getting their arguments "right the first time" rather than letting them pass.

Plaintiff, Bradley Marcum, seeks recovery from Defendant, Denis R. McDonough – Secretary of the United States Department of Veterans Affairs, for violations of the Rehabilitation Act of 1973, 29 C.F.R. § 1630.14(c) (the "Rehabilitation Act"). [Filing No. 26.] Presently before the Court is Mr. McDonough's Motion to Dismiss and Motion for Summary Judgment, which is ripe for this Court's decision. [Filing No. 28.] Mr. Marcum opposes the motion. [Filing No. 31.]

1

For the reasons set forth below, the Court **GRANTS** Mr. McDonough's Motion to Dismiss, and **DENIES** Mr. McDonough's Motion for Summary Judgment as moot. [Filing No. 28]. The Court further **STRIKES** the portion of its May 12, 2021 Order, [Filing No. 25], ordering the filing date of Mr. Marcum's Second Amended Complaint to relate back to December 17, 2020.

## I.
### STANDARD OF REVIEW

Rule 12(b)(1) "allows a party to move to dismiss a claim for lack of subject matter jurisdiction." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). When deciding a motion to dismiss under Rule 12(b)(1), the Court accepts the allegations in the plaintiff's complaint as true and draws all reasonable inferences in the plaintiff's favor. *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir. 1999). The burden is on the plaintiff to prove, by a preponderance of the evidence, that subject matter jurisdiction exists for his or her claims. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

Because the Court has determined that dismissal is appropriate, the Court need not address the standard for a Motion for Summary Judgment under Fed. R. Civ. P. 56.

## II.
### STATEMENT OF FACTS

Mr. Marcum is a disabled United States Army veteran, who was employed by the Department of Veteran Affairs ("VA"). [Filing No. 26 at 2.] Mr. Marcum also received health care treatment from the Roudebush Veterans Affairs Medical Center ("VAMC"), who maintained his medical records. [Filing No. 26 at 2.] While Mr. Marcum received medical care from the VAMC, he has never received dental treatment from the VAMC. [Filing No. 26 at 2.]

Prior to December of 2018, Mr. Marcum suspected his medical records were impermissibly accessed. [Filing No. 26 at 3.] On December 17, 2018, Mr. Marcum requested that the VAMC's

Privacy Officer, Richard Kurth, determine if his medical records has been improperly accessed. [Filing No. 26 at 3.] Mr. Kurth's inquiry revealed that Dr. Jefferey Bennett, a dentist at the VAMC, had accessed Mr. Marcum's medical records. [Filing No. 26 at 3.] Dr. Bennett was not and has never been Mr. Marcum's treatment provider. [Filing No. 26 at 3.]

Mr. Marcum also alleges that his second-level supervisor, Dr. Sunil Tholpady, made a number of negative comments to Mr. Marcum referencing the information contained in Mr. Marcum's medical file. [Filing No. 26 at 3.] Mr. Marcum asserts that the subject of Dr. Tholpady's remarks was discussed with Mr. Marcum's treating physician, but Mr. Marcum "never discussed that issue with anyone else at the VAMC." [Filing No. 26 at 3.] Mr. Marcum alleges that Dr. Tholpady and other co-workers utilized the information in his medical file to make derogatory remarks about him in front of fellow co-workers. [Filing No. 26 at 3.] He also alleges that Dr. Tholpady harassed him and blocked his promotion within the VA in retaliation for his investigation of and complaint about the illegal access and disclosure of his medical records. [Filing No. 26 at 3.]

On October 31, 2019, Mr. Marcum filed an Equal Employment Opportunity ("EEO") Complaint with the VA's Office of Resolution Management, Diversity, and Inclusion, which was subsequently forwarded to the VA's Office of Employment Discrimination Complaint Adjudication ("OEDCA") for final determination. [Filing No. 15-1 at 1.] On November 18, 2020, the OEDCA issued its Final Agency Decision ("FAD"), finding two per se violations of the Rehabilitation Act for the illegal access and disclosure of Mr. Marcum's medical records. [Filing No. 15-1 at 12.] The OEDCA, in its final decision, noted that Mr. Marcum "also has the right to file a civil action in an appropriate *United States District Court* . . . within 90 days of receipt of

3

this final decision if no appeal to [the Equal Opportunity Employment Commission] has been filed." (emphasis added.) [Filing No. 15-1 at 19.]

On December 17, 2020, Mr. Marcum filed a civil action in the Superior Court of Marion County, Indiana against Dr. Bennett and Dr. Tholpady asserting state tort claims arising out of the unauthorized access and disclosure of his medical records. [Filing No. 1-2.] On February 24, 2020, the United States removed Mr. Marcum's complaint to this Court, invoking 28 U.S.C. §§ 1442, 1446, and 2679(d). [Filing No. 1.] Pursuant to 28 C.F.R. § 15.4, the United States certified that Dr. Bennett and Dr. Tholpady were acting within the scope of their employment as employees of the VAMC when the incidents at issue occurred. [Filing No. 1-4; Filing No. 1-5.] Accordingly, the United States was substituted as the sole defendant pursuant to 28 U.S.C. § 2679. [Filing No. 1.]

On April 10, 2021, Mr. Marcum filed his First Amended Complaint in this Court, alleging that Dr. Bennett and Dr. Tholpady violated the Rehabilitation Act as well as Indiana law by illegally accessing and disclosing his medical records. [Filing No. 13 at 4-5.] On May 8, 2021, Mr. Marcum moved for leave to file his Second Amended Complaint, which added an additional claim under the Rehabilitation Act based upon a theory of retaliation and dropped the previously asserted claims under Indiana law. [Filing No. 23; Filing No. 23-1.] On May 8, 2021, the Court granted Mr. Marcum's motion for leave to file the Second Amended Complaint and, by signing the order tendered by Mr. Marcum, ordered its relation back to December 17, 2020 – the date of his original filing in state court. [Filing No. 25.] In the Second Amended Complaint, Mr. Marcum no longer brought claims against the United States, Dr. Bennett, or Dr. Tholpady, instead suing Mr. McDonough, Secretary of Veterans Affairs. The Second Amended Complaint was the first time Mr. McDonough was included in this action.

On May 26, 2021, Mr. McDonough filed his Motion to Dismiss for Lack of Jurisdiction and Motion for Summary Judgment for Failure to Exhaust, [Filing No. 28], which is now ripe for the Court's decision. Concurrent with this litigation, the OEDCA issued a second FAD on March 29, 2021 awarding Mr. Marcum $5,000 in compensatory damages. [Filing No. 25.]

## III.
### DISCUSSION

This case raises a rare jurisdictional oddity that arises when a defendant removes a case to federal court from a state court that never had jurisdiction known as the "derivative jurisdiction doctrine." The doctrine, which operates as a procedural bar to cases removed from state courts, has been described by courts in this circuit as "[b]ewildering" and has been "criticized a great deal over the course of many years." *Pelto v. Off. of Reg'l Chief Couns.,* 2013 WL 5295678, at *3 (W.D. Wis. 2013)(internal citations omitted). Nevertheless, when a defendant "timely raises the derivative jurisdiction doctrine, it erects a mandatory bar to the court's exercise of federal jurisdiction." *Ricci v. Salzman*, 976 F.3d 768, 773 (7th Cir. 2020). However, the Seventh Circuit Court of Appeals has required that defendants must assert the derivative jurisdiction doctrine within 30 days from removal or the claim is forfeited. *Id.* at 774.

In support of his motion, Mr. McDonough argues that the Court should dismiss Mr. Marcum's claims because it lacks jurisdiction pursuant to the derivative jurisdiction doctrine. [Filing No. 29.] Alternatively, Mr. McDonough argues that even if the Court has jurisdiction over Mr. Marcum's Rehabilitation Act claims, the Court should grant summary judgment in his favor because Mr. Marcum failed to exhaust his administrative remedies. [Filing No. 29.] Because the Court has determined that dismissal is required, it will address that issue first.

### A. Federal Jurisdiction in Removed Cases Under the Derivative Jurisdiction Doctrine

Mr. McDonough argues that in removed cases, the "scope of a federal court's subject-matter jurisdiction is derived from that of the court in which the plaintiff originally filed the lawsuit." [Filing No. 29 at 7.] Accordingly, if the "state court would have lacked jurisdiction over the claims, then the federal court may not acquire it through removal even if the claim could have been brought in the federal court in the first instance." [Filing No. 29 at 7.] Mr. McDonough asserts that "state courts do not have jurisdiction over Rehabilitation Act claims brought by federal employees against the federal government." [Filing No. 29 at 10.] Because the Marion Superior Court would not have had jurisdiction over Mr. Marcum's Rehabilitation Act claims prior to removal, Mr. McDonough asserts that this Court lacks jurisdiction also. [Filing No. 29 at 8.]

Mr. Marcum responds that while federal jurisdiction in this case may be derivative of the state court's jurisdiction, the state court did have jurisdiction over his claims as originally filed. [Filing No. 31.] Mr. Marcum argues that his original complaint contains "no allegations against the VA, nor does it contain any allegations regarding a Rehabilitation Act claim." [Filing No. 31 at 8 (citing Filing No. 1-2).] Mr. Marcum further argues that the state court had jurisdiction because Dr. Bennett and Dr. Tholpady "were not acting within the scope of their employment." [Filing No. 31 at 9.]

Mr. McDonough replies that the Seventh Circuit Court of Appeals in *Ricci* has "directly foreclosed" the argument that Mr. Marcum advances. [Filing No. 33 at 2.] Mr. McDonough asserts that "[r]egardless of the claims he filed originally in state court, [Mr. Marcum] cannot amend his complaint to add new Rehabilitation Act claims that he never could have litigated in state court." [Filing No. 33 at 2.] Accordingly, Mr. McDonough asserts, Mr. Marcum's case should "receive the same treatment that any other Rehabilitation Act case would have if filed in any state court – namely, dismissal." [Filing No. 33 at 2 (internal citations omitted.)]

The derivative jurisdiction doctrine operates as "a procedural bar to the exercise of federal judicial power." *Rodas v. Seidlin,* 656 F.3d 610, 619 (7th Cir. 2011). Traditionally, the doctrine of derivative jurisdiction provides that "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction had suit originated there." *Ricci*, 976 F.3d at 771 (citing *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981)). Put differently, the federal court only acquires the jurisdiction held by the state court when the case was removed. *Id.*

Congress has abrogated the doctrine with respect to the general removal statute. 28 U.S.C. § 1441(f) ("The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."). However, Congress has not abrogated the doctrine with respect to 28 U.S.C. § 1442; the federal officer removal statute. *Rodas,* 656 F.3d at 616 ("[T]he doctrine of derivative jurisdiction has been abrogated in the general removal statute . . . but not the federal officer removal statute."); *Lopez v. Sentrillon Corp.*, 749 F.3d 347, at 350 (5th Cir. 2014) ("[A]ny ambiguity about the endurance of the derivative action doctrine as applied to removals under § 1442 was eliminated when Congress amended § 1441 in 2002 to add the words 'removed under this section.'").

### 1. The Marion County Superior Court's Jurisdiction over Mr. Marcum's Claims as Filed

Mr. Marcum argues that the derivative jurisdiction doctrine is inapplicable because the Marion County Superior Court had jurisdiction over his claims as initially asserted. [Filing No. 31.] In support, Mr. Marcum argues that the actions of Dr. Bennett and Dr. Tholpady were outside

of the scopes of their employment and thus his claims did not fall within the purview of the Rehabilitation Act. [Filing No. 31.]¹

The Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act"), grants "federal employees absolute immunity from … tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007). When a federal employee is sued, the Westfall Act empowers the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1). Upon the Attorney General's certification, the United States is substituted as the defendant in place of the employee and the case is removed to a federal district court. 28 U.S.C. § 2679(d)(2). Thereafter, the lawsuit is governed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. *Alexander v. Mount Sinai Hosp. Med. Ctr.,* 484 F.3d 889, 891 (7th Cir. 2007).

Upon certification and removal, the "exclusive competence to adjudicate the case resides in the federal court." *Osborn*, 549 U.S. at 231. Even if the federal court concludes that the government's certification was wrong, the case would remain in federal court. *Id. at* 241 ("Congress gave district courts no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted.")

---

¹ The Court takes note that Mr. Marcum has contradicted this argument by asserting both that Dr. Bennett and Dr. Tholpady were acting within and outside of the scope of their employment during the course of this litigation. [Compare Filing No. 16 at 5 ("Bennett and Tholpady were acting within the scope of their employment with the Department of Veterans Affairs (VA), at the time they violated the Rehabilitation Act, and therefore the United States is liable for the damages Bennett and Tholpady caused Marcum") with Filing No. 16 at 6 ("At the time Bennett and Tholpady accessed Marcum's confidential medical records, they were acting outside the scope of their employment").] Accordingly, the Court concludes that Mr. Marcum has preserved no argument either way.

While the Attorney General's certification that a federal employee was acting within the scope of his employment is not conclusive, *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995), it does constitute prima facie evidence that the employee was acting within the scope of his employment, *Hasbun v. United States*, 2010 WL 5150986, at *3 (N.D. Ill. Dec. 10, 2010). Therefore, Mr. Marcum bears the burden of proving that Dr. Bennett and Dr. Tholpady were acting outside the scope of their duties. *Corsi v. Mueller,* 422 F. Supp. 3d 51, 71 (D.D.C. 2019).

Determinations concerning scope of employment are questions of state law. *Hunter v. United States*, 825 Fed. Appx. 699, 701 (11th Cir. 2020); *Garcia v. United States,* 62 F.3d 126, 127 (5th Cir. 1995); *Henson v. NASA,* 14 F.3d 1143, 1147 (6th Cir. 1994). To determine whether Dr. Bennett and Dr. Tholpady were acting within the scope of their employment, the Court must look to Indiana law. *U.S. ex rel. Durcholz v. FKW Inc.,* 997 F. Supp. 1143, 1150 (S.D. Ind. 1998).

Under Indiana law, when "tortious acts are so closely associated with the employment that they arise naturally or predictably from the activities an employee was hired or authorized to do, they are within the scope of employment, making the employer liable." *Cox v. Evansville Police Dep't,* 107 N.E.3d 453, 462 (Ind. 2018). This may include acts that the employer "expressly forbids; that violate the employer's rules, orders, or instructions; that the employee commits for self-gratification or self-benefit; that breach a sacred professional duty; or that are egregious, malicious, or criminal." *Id.*

The Indiana Court of Appeals has addressed this question in a similar set of circumstances in *Walgreen Co. v. Hinchy,* 21 N.E.3d 99, 104 (Ind. Ct. App. 2014), *on reh'g,* 25 N.E.3d 748 (Ind. Ct. App. 2015). In *Walgreen*, the Indiana Court of Appeals addressed whether a pharmacist's conduct in accessing a patient's prescription profile and divulging the information that she learned from those records to the patient's ex-boyfriend were within the scope of her employment. *Id.* The

court found that the pharmacist's actions were of the "same general nature as those authorized, or incidental to the actions that were authorized, by [her employer]. Specifically, [the pharmacist] was authorized to use the Walgreen computer system and printer . . . [and] review patient prescription histories.'" *Id.* at 108.

Applying these principles here, the Court finds that Dr. Bennett and Dr. Tholpady were acting within the scope of their employment. Mr. Marcum alleges that Dr. Bennett improperly accessed his medical records, which is associated with Dr. Bennett's work as a medical provider at the VAMC. [Filing No. 26 at 2-6.] Mr. Marcum further alleges that Dr. Tholpady improperly disclosed his medical information and took retaliatory acts against him. [Filing No. 26 at 2-6.] This conduct is associated with Dr. Tholpady's role as a supervisor at the VAMC.

As such, Dr. Bennett and Dr. Tholpady were acting within the respective scope of his employment. Therefore, the FTCA governs the claims brought by Mr. Marcum and the Marion County Superior Court lacked jurisdiction.

### 2. The Applicability of the Derivative Jurisdiction Doctrine

As discussed above, when a case is removed under the federal officer removal statute, the jurisdiction of the federal court is derived from the jurisdiction of the state court. *Rodas,* 656 F.3d at 615. Accordingly, "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction." *Edwards v. United States Dep't of Justice,* 43 F.3d 312, 316 (7th Cir. 1994). The Seventh Circuit has held that "a plaintiff cannot circumvent that bar merely by filing an amended complaint invoking federal jurisdiction." *Ricci,* 976 F.3d at 773. "When the derivative jurisdiction doctrine is timely raised, then, it properly results in dismissal without prejudice." *Id.*

In his initial state court complaint, Mr. Marcum asserted tort claims under Indiana law against two federal employees each acting within the scope of his employment. Accordingly, these claims were governed by the FTCA and the Marion County Superior Court lacked jurisdiction over them. 28 U.S.C. § 2679. This Court's jurisdiction is limited to that which can be derived from the Marion County Superior Court upon removal. *See* 28 U.S.C. § 1442. In short, because the Marion County Superior Court could not hear Mr. Marcum's claims as originally asserted, neither can this Court – despite Mr. Marcum's amended filing. *Ricci*, 976 F.3d at 773. Even though "the justification for the rule is hardly obvious"—it is nevertheless "binding on us." *Id.* (*citing Rodas*, 656 F.3d at 615).

Application of the doctrine therefore "remain[s] mandatory" and this Court "must apply [it] if properly invoked." *Id.* (*citing Walker v. Weatherspoon,* 900 F.3d 354, 356 (7th Cir. 2018)). In the present case, Mr. McDonough timely invoked the doctrine within 30 days of his substitution as a party. [Filing No. 28.] Accordingly, this "erects a mandatory bar to the court's exercise of federal jurisdiction". *Ricci*, 976 F.3d at 773.

For the foregoing reasons, Mr. McDonough's Motion to Dismiss is **GRANTED** and Mr. Marcum's Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE.** Accordingly, Mr. McDonough's Motion for Summary Judgement is **DENIED** as moot.

### B. The Relation Back of Mr. Marcum's Second Amended Complaint to his State Court Complaint

The Court *sua sponte* considers to prudent to assess the propriety of its earlier ruling on relation back under Fed. R. Civ. P. 15 as to Mr. Marcum's Rehabilitation Act claims. The Court finds that Mr. Marcum's request for relation back was improvidently granted. The Local Rules for the Southern District of Indiana provide that the Court may rule upon a routine or uncontested motion before the response deadline passes unless: (1) the motion indicates that an opposing

11

party objects to it, or (2) the court otherwise believes that a response will be filed. S.D. Ind. R. 1.7(d). In the present case Mr. McDonough indicated his objection to the relation back of Mr. Marcum's Second Amended Complaint to the date of Mr. Marcum's original state court complaint. [Filing No. 24 at 3.] However, the Court granted Mr. Marcum's motion, [Filing No. 23], prior to Mr. McDonough's response. [Filing No. 25.] The Court granting the motion without Mr. McDonough having an opportunity to challenge relation back was in error. For the reasons set forth above, pursuant to the authority set forth in Fed. R. Civ. P. 60(a),(b), the Court **STRIKES** the portion of its May 12, 2021 Order, [Filing No. 25 at 1], ordering the filing date of Mr. Marcum's Second Amended Complaint to relate back to December 17, 2020.

## IV.
### CONCLUSION

For the reasons detailed herein, the Court:

- **GRANTS** Mr. McDonough's Motion to Dismiss [No. 28];

- **DENIES** Mr. McDonough's Motion for Summary Judgment **AS MOOT** [No. 28]; and

- **STRIKES** the portion of its May 12, 2021 Order, [No. 25], ordering the filing date of Mr. Marcum's Second Amended Complaint to relate back to December 17, 2020.

Mr. Marcum's Second Amended Complaint, [Filing No. 26], is **DISMISSED WITHOUT PREJUDICE.** Final Judgment shall issue accordingly.

Date: 9/30/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**